UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERNEST JOSEPH DAVIS, #179886

        Plaintiff,

v.                                               CASE NO. 10-12178
                                                HONORABLE ANNA DIGGS TAYLOR
PATRICIA CARUSO, JOHN DOE #1,
JOHN DOE #2, and JANE DOE #3,

        Defendants.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING THE COMPLAINT
AND
DENYING PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING
THE MARSHAL TO SERVE THE COMPLAINT ON THE DEFENDANTS**

**I. Introduction**

Plaintiff Ernest Davis is a state inmate at St. Louis Correctional Facility in St. Louis, Michigan. He has filed a *pro se* complaint under 42 U.S.C. § 1983 and related statutes. The defendants are Patricia Caruso, who is the Director of the Michigan Department of Corrections, and three unnamed employees of the Department of Corrections whom Plaintiff has labeled as John Doe #1, John Doe #2, and Jane Doe #3.

Plaintiff alleges that, on November 30, 2009, he filed a commercial claim against the United States, the State of Michigan, and governmental agents or employees in the United States Court of Claims. On February 21, 2010, the defendants allegedly seized Plaintiff's documents and other evidence supporting Plaintiff's complaint in the Court of Claims, and on April 22, 2010, the Court of Claims dismissed Plaintiff's complaint for lack of jurisdiction.

Plaintiff claims that the seizure of his papers by state employees impaired his ability to (1) defend the jurisdictional challenge to his Court of Claims complaint and (2) appeal the dismissal of his complaint. He seeks declaratory, injunctive, and monetary relief from the defendants in their official capacities for alleged violations of his constitutional rights.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the allegations (1) are frivolous, malicious, or fail to state a claim for which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and

footnote omitted).

## III.  Discussion

### A.  Money Damages

The Court begins its discussion by noting that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id*.  Plaintiff, therefore, has no right to money damages.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id*. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167  n. 14 (1985)).  For the following reasons, however, Plaintiff has no right to declaratory or injunctive relief.

### B.  Patricia Caruso

Plaintiff alleges that defendant Patricia Caruso is responsible for ensuring that the Constitution is enforced and for training and supervising her employees.  This conclusory allegation regarding Caruso's failure to adequately train and supervise subordinates fails to state a claim.  As explained in *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002), "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited

in the complaint and what *each* defendant did to violate the asserted right." *Id*. at 842 (emphasis in original). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," because vicarious liability is not applicable to § 1983 suits. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1948 (2009).

Plaintiff has failed to show that defendant Caruso's individual acts or omissions violated his constitutional rights. Thus, the conclusory allegation about defendant Caruso's supervisory responsibilities is frivolous and fails to state a claim.

### C. The Right of Access to the Courts

Plaintiff's allegations about the unidentified defendants also fail to state a claim for which relief may be granted. Plaintiff alleges that the defendants deprived him of his right of access to the courts and right to petition the government for redress of a grievance in violation of the First Amendment.

Prisoners enjoy a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this right "is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." *Wilson v. Klein*, 75 F. App'x 479, 480 (6th Cir. 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996), and *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999)). Plaintiff's complaint in the United States Court of Claims raised issues related to his birth certificate, his Social Security number, contracts, torts, and property. *See Davis v. United States*, No. 09-862C, 2010 WL 1685907 (Ct. Fed. Cl. Apr. 22, 2010) (unpublished). Therefore, Plaintiff's constitutional right of access to the courts was not violated.

### D. 42 U.S.C. §§ 1985 and 1986; 18 U.S.C. §§ 241-242

4

Plaintiff further alleges that the defendants obstructed justice, intimidated him, retaliated against him, harassed him, and conspired against him in violation of 42 U.S.C. §§ 1985 and 1986 and 18 U.S.C. §§ 241-242. There is no private right of action under 18 U.S.C. §§ 241-242, *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989), and "[t]o sustain a claim under [42 U.S.C. §] 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it. In other words, there must be proof of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) (citations omitted). Plaintiff has not shown that the defendants were motivated by a racial or class-based discriminatory animus. Therefore, he has failed to state a claim under § 1985(3). His allegations under 42 U.S.C. §1986 (failure to prevent or aid the commission of a conspiracy) do not state a claim absent a showing that the defendants violated § 1985. *Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).

### E.  42 U.S.C. § 1981

Section 1981 of Title 42, United States Code, provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "Even though Section 1981 does not use the word 'race,' the Supreme Court has held that it prohibits only racial discrimination, not discrimination based 'solely on the place or nation of [ ] origin.'" *El-Zabet v. Nissan North America, Inc.,* 211 F. App'x 460, 462 (6th Cir. 2006) (quoting *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). Plaintiff

5

has no right to relief under § 1981, because he has not shown that the defendants discriminated against him on the basis of race.

### F. The Fourth and Fifth Amendment Claims

Plaintiff relies on the Fourth Amendment right to be secure in his person, papers, and effects, but "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

As for Plaintiff's claim that the defendants interfered with his right to private property, the Supreme Court stated in *Hudson v. Palmer* that

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Id*. at 533. Plaintiff has failed to plead and prove that state remedies are inadequate to redress his property deprivation. Therefore, he has no right to relief. *Davis v. Clinton*, 74 F. App'x 452, 455 (6th Cir. 2003) (citing *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)).

### IV. Conclusion

Plaintiff's claims lack an arguable basis in law and fail to state a claim for which relief may be granted. Accordingly, the complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and Plaintiff's request for an order directing the Marshal to serve the summons and complaint on the defendants [Dkt. #10] is **DENIED** as moot. An appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed

without prepayment of the appellate fees and costs if he chooses to file an appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


DATED: September 23, 2010            <u>s/Anna Diggs Taylor</u>
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on September 23, 2010.

Ernest Davis #179886
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880            s/Johnetta M. Curry-Williams
Case Manager